UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MOHAMMAD HASSANI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-778 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Mohammad Hassani is detained by United States immigration enforcement officials at the Port Isabel Service Processing Center in Cameron County, Texas. (Pet., Doc. 1) Petitioner seeks a temporary restraining order to prohibit Respondents from "transferring Petitioner outside of the jurisdiction of this Court while his habeas matter is pending." (Mot., Doc. 3, 3)

To obtain a preliminary injunction, a party must demonstrate (1) a likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of equities favors the movant; and (4) that the injunction is in the public interest. *See Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The third and fourth factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The party seeking a preliminary injunction bears the burden on each factor. *Enter. Int'l, Inc. v. Corporación Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Based on the record and the applicable law, the Court finds that Petitioner has not demonstrated a substantial threat of irreparable harm. He contends that absent the requested injunctive relief, Respondents may transfer him to different detention centers, hindering communications with his counsel. But as Petitioner's counsel offices in New York City, and Petitioner is currently detained in south Texas, Petitioner's transfer will not affect attorney-client

communications, as such communications cannot be conducted in person, whether or not Petitioner is transferred. And to the extent that Petitioner claims that his transfer disrupts communications during the time that his counsel has to determine his new location, the fact that Petitioner's counsel can now communicate with Respondents' counsel should facilitate prompt updates regarding Petitioner's whereabouts. Thus, at this time, Petitioner has not demonstrated that his possible transfer to other detention centers would adversely affect his ability to communicate with his counsel and pursue his claims in this lawsuit.[1] Of course, should Respondents transfer Petitioner in a manner that does adversely affect the attorney-client relationship between Petitioner and his counsel, Petitioner may seek injunctive relief at that time.

As a result, it is:

**ORDERED** that Petitioner Mohammad Hassani's Motion for *ex parte* Emergency Temporary Restraining Order (Doc. 3) is **DENIED.**

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on July 24, 2026.

Fernando Rodriguez, Jr.
United States District Judge

---

[1] Petitioner also argues that his transfer "may impair this Court's ability to retain and exercise jurisdiction[.]" (Mot., Doc. 3, ¶ 5) But as jurisdiction attaches at the time of the lawsuit's filing, Petitioner's transfer will not strip this Court of subject matter jurisdiction.

2 / 2